**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 8 2019

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ANTHONY GANUS**　　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　No. 3:19-cv-_27_ - BSM

**GREENE COUNTY, ARKANSAS**　　　　　　　　　**DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Anthony Ganus ("Plaintiff"), by and through his attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Greene County, Arkansas ("Defendant"), he does hereby state and allege as follows:

### I.　PRELIMINARY STATEMENTS

1.　This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2.　Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3.　Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Harris_

## II.  JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Jonesboro Division of the Eastern District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

7. Plaintiff is an individual and resident of Greene County.

8. Plaintiffs was employed by Defendant as a Deputy Sheriff and as a Certified K-9 Handler within the three years prior to the filing of this Complaint.

9. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

10. As an employee of Defendant, Plaintiff was an employee of a public agency engaged in law enforcement activities, and is therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201 *et seq*.

11. Defendant operates the Greene County Sheriff's Department where Plaintiff was employed within the past three years as a Deputy Sheriff and Certified K-9 Handler.

12.	Defendant can be served through the Greene County Judge Rusty McMillon, at 320 West Court Street, Office 107, Paragould, Arkansas 72450.

13.	Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14.	Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

15.	Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

16.	Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue.

17.	At all relevant times, Defendant employed five or more employees in law enforcement activities pursuant to 29 U.S.C. § 213(b)(20).

### IV.	FACTUAL ALLEGATIONS

18.	Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19.	During a portion of the three years preceding the filing of this Complaint, Plaintiff was employed by Defendant as both a Deputy Sheriff and a Certified K-9 Handler. Plaintiff worked as a Certified K-9 Handler in addition to working as a Deputy Sheriff from February 1, 2017, through and including December 31, 2018.

20.	Upon information and belief, Defendant established a "work period" of 86 hours over 14 days for Deputy Sheriffs and Certified K-9 Handlers pursuant to the FLSA.

21. Plaintiff was routinely required to work in excess of 86 hours in a 14-day period, and additionally had to care for his K-9 service animal at his own home and provide and attend training for the K-9.

22. Defendant knew that Plaintiff worked in excess of 86 hours in a 14-day period, and Defendant required him to do so.

23. Plaintiff was not paid for all hours worked.

24. Defendant did not pay Plaintiff any compensation at all and did not pay one and one-half (1.5) times his regular rate for his hours worked over 86 in a 14-day period when those hours were worked outside of Defendant's place of operations, such as at Plaintiff's home or at an off-site training facility.

25. Defendant did not provide Plaintiff with compensatory time off at a rate of one and one-half (1.5) hours for his hours worked over 86 in a 14-day period.

26. The actual day-to-day job duties and responsibilities, including those performed working with and caring for the K-9 unit, of Plaintiff were not exempt under the FLSA with respect to payment for time worked in excess of 86 hours in a 14-day period.

27. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

28. Plaintiff had no ability to hire and/or fire any employee.

29. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

30. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control in the business.

31. Plaintiff did not have responsibility for planning or controlling budgets.

32. Defendant expected Plaintiff to follow Defendant's policies regarding his employment.

33. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA and the AMWA.

## V. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

36. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

37. 29 U.S.C. § 207 requires any public agency to pay employees engaged in law enforcement activities one and one-half (1.5) times their regular wages for all hours worked over 86 in a 14-day period if such an election has been made.

38. The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

39. The FLSA provides that K-9 handlers perform compensable work by providing at-home care for their K-9s and for off-site training, and this compensable time is in addition to their regular work duties and responsibilities.

40. Despite the entitlement of Plaintiff to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiff a lawful overtime premium or

provide lawful compensatory time for all hours worked in excess of 86 hours in each 14-day period.

41. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years preceding the filing of this Complaint.

43. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

46. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over 86 hours in a 14-day period if such an election has been made.

71. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

72. Despite the entitlement of Plaintiff to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time for all hours worked in excess of 86 hours in each 14-day period.

73. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years preceding the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Anthony Ganus respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, as well as the AMWA and the related regulations.

D. Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, as well as the AMWA and the related regulations.

E. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

F. Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

G. For a reasonable attorney's fee, costs, and pre-judgment interest; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ANTHONY GANUS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Blake Hoyt*
Blake Hoyt
Ark Bar No. 2014252
blake@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com