IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY GANUS                                                                PLAINTIFF

VS.                            CASE NO. 3:19-CV-27-BSM

GREENE COUNTY, ARKANSAS                                          DEFENDANT

ANSWER

Comes the Defendant, The County of Greene, State of Arkansas ("County"), by and through their attorneys, Kimberly B. Dale and Jason Owens, and for it's Answer to the Original Complaint ("Complaint") filed by the Plaintiff, Anthony Ganus ("Plaintiff") states:

1. The County initially notes that the first section of the Complaint entitled "INTRODUCTION" is prefatory in nature and will respond more fully in the pleadings below:

2. The County admits that the Plaintiff attempts to invoke the Court's jurisdiction as alleged in Paragraph 2 of the Complaint, but the County is otherwise without knowledge or information sufficient to form a belief as to the truth of each of the allegations concerning jurisdiction contained in Paragraph 2 of the Complaint and therefore denies same. The County affirmatively states that the statutes cited by the Plaintiff speak for themselves.

3. The County denies the allegations in Paragraph 3 of the Complaint.

4. Paragould 4 is jurisdictional in nature, and as such, no response is required. However, should a response be deemed necessary, Defendant denies the same due to its full and complete denial of any and all wrongdoing alleged.

1

5. Paragraph 5 is jurisdictional in nature, and as such, no response is required. However, should a response be deemed necessary, Defendant denies the same due its full and complete denial of any all wrongdoing alleged.

6. Paragraph 6 is jurisdictional in nature, and as such, no response is required. However, should a response be deemed necessary, Defendant denies the same due to its full and complete denial of any wrongdoing alleged.

7. Defendant realleges and incorporates by reference the responses in the preceding paragraphs of this Answer as though fully set forth herein.

8. Defendant admits that the Plaintiff was employed by the Greene County Sheriff's Office. However, Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint, therefore it is denied.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant was employed at the Greene County Sheriff's Office, however to the extent is necessary, Defendant denies any and all wrongdoing alleged in Paragraph 11.

12. Paragraph 12 of Plaintiff's Complaint contains legal conclusions, therefore no answer is required. However to the extent a response is necessary, Defendant denies any and all wrongdoing alleged.

13. Paragraph 13 of Plaintiffs Complaint contains legal conclusions, therefore no answer is required. However, to the extent a response is necessary, Defendant denies any and all wrongdoing alleged.

14. Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

19. Defendant admits the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiffs Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiffs Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiffs Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiffs Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiffs Complaint.

34. Defendant realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set froth herein.

35. Paragraph 35 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

36. Paragraph 36 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

37. Paragraph 37 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

38. Paragraph 38 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

39. Paragraph 39 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint. Defendant specifically denies any and all wrongdoing alleged.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint. Defendant specifically denies any and all wrongdoing alleged.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint. Defendant specifically denies any and all wrongdoing alleged.

43. Paragraph 43 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

44. Defendant realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.

45. Paragraph 45 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

46. Paragraph 46 of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

47. Paragraph noted as "70" of Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

48. Paragraph noted as "71" Plaintiff's Complaint states conclusions of law, thus no response is necessary. To the extent a response is deemed necessary, Defendant denies any and all wrongdoing alleged.

49. Defendant denies the allegations contained in Paragraph noted as "72" Plaintiff's Complaint. Defendant specifically denies any and all wrongdoing alleged.

50. Defendant denies the allegations contained in Paragraph noted as "73" Plaintiff's Complaint. Defendant specifically denies any and all wrongdoing alleged.

51. Defendant denies the allegations contained in Paragraph noted as "74" Plaintiff's Complaint. Defendant specifically denies any and all wrongdoing alleged.

52. Defendant denies the allegations contained in Paragraph noted as "75" Plaintiff's Complaint. Defendant specifically denies any and all wrongdoing alleged.

53. Defendant denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause of Plaintiff's Complaint, including subparagraphs A through H, due to its complete denial of any and all wrongdoing alleged.

54. Defendant denies each and every allegation not specifically admitted herein.

55. Defendant requests a jury trial on all issues remaining at that time.

56. Defendant reserves the right to plead further upon additional investigation and discovery, to include an amended answer and other applicable counter claims.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant did not violate any provision of the FLSA.

3. Defendant is entitled to tort and punitive damages immunity.

4. Defendant did not willfully deprive Plaintiff of any wages to which he may be entitled under any state or federal law, and Defendant in good faith in all conduct.

5. Defendant asserts that the Plaintiff alleged damages did not occur as a result of any policy, custom, or practices of the County of Greene, State of Arkansas.

6. Plaintiff is not entitled to any compensation as requested in his Complaint.

7. Plaintiff has failed to exhaust applicable and available administrative remedies.

8. All or part of the work for which Plaintiff seeks compensation does not constitute compensable working time.

9. Plaintiff failed to mitigate any and all alleged damages.

10. Plaintiff's claims are barred by the Portal to Portal Act.

11. Defendant asserts the *de minimis* doctrine to the extent applicable.

12. Defendant asserts any and all applicable affirmative defenses in Fed. R. Civ. P. 8 ( c ), including but not limited to:

   a. Accord and Satisfaction

   b. Payment; and

   c. Release

   d. Justification

   e. Comparative Fault

   f. Waiver

   g. Estoppel

   h. The FLSA and AMWA permit public entities to give compensatory time in lieu of overtime compensation

   i. Quantum Meruit

   j. Detrimental Reliance

   k. Mootness

   l. Offset/Setoff, to the extent that the Plaintiff was given compensatory time, paid time off, or other forms of formal or informal compensation;

   m. Good faith under 29 U.S.C. Section 251, Sections 10 & 11, as applicable;

n. The Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA), including but not limited to any and all exemptions;

13. Defendant reserves the right to amend or supplement it's affirmative defenses as they become apparent during the course of litigation.

14. Defendant is entitled to all doctrines of immunity under law, including but not limited to, absolute, tort, qualified, good faith, and statutory immunities. Defendant avails itself of all statute of limitations defenses applicable to the claim alleged, including but not limited to the 2 year statute of limitations under the FLSA, which is applicable here as the Defendant did not willfully violate the Act.

15. Defendant hereinafter reserves the right to bring forth Counter-Claims against the Plaintiff for destruction of assets and criminal mischief for damage caused to property of the Defendant. Such actions entitle Defendants to attorney fees, compensatory damages and other relief.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint against it and for all other just and proper relief to which it is entitled.

Respectfully submitted

By: /s/ Kimberly Dale
DEFENDANT, County of Greene State of Ark.

Kimberly B. Dale (2003195)
Branch Thompson Warmath & Dale P.A.
414 West Court
Paragould, AR 72450

        Phone: (870-239-9581)
        Telefax: (870-236-4409)
        email: kdale@paragouldlawyer.com

*And*

Jason E. Owens (2012254)
Owens Law Firm
P.O. Box 850
Conway, AR 72033-0850
Office: (501) 764-4334
owens@jowenslawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 15, 2019, I electronically filed the foregoing with the Clerk of the Court suing the CM/ECF system, which will provide notification of the same to the following CM/ECF user:

Mr. Blake Hoyt
Mr. Josh Sanford
Sanford Law Firm
One Financial Center
650 S. Shackleford, STE. 411
Little Rock, AR 72211
blake@sanfordlawfirm.com
josh@sanfordlawfirm.com


/s/ Kimberly Dale
Kimberly B. Dale